LEAR, Judge,
dissenting.
Mr. Lacy held the position of personnel administrator for the city-parish government of East Baton Rouge Parish, Louisiana, in the administration of Mayor-President Dumas. The last day of the Dumas administration was January 2, 1981. The record indicates that Mr. Lacy did not resign from his position in the Dumas administration and that he continued to hold this position through January 2, 1981. The record clearly indicates that Mr. Lacy fully expected and intended to continue working in the city-parish government under the incoming Screen administration. However, as pointed out by the majority, the record further reflects that on December 30, 1980, Mr. Lacy was advised by then mayor-president elect Screen that he (Lacy) would not be retained in the new administration in any position. This clearly amounted to a termination by Mayor-President Screen as of January 3, 1981.
On December 31, 1980, the day after being informed of his intended termination, Mr. Lacy sought to claim his accrued annual leave and sick benefits and unused vacation time and notified the personnel department of the city-parish of East Baton Rouge that he desired these benefits as of January 3, 1981, the date of his termination.
I do not believe that requesting and receiving these benefits upon termination was any indication of Mr. Lacy’s intention to resign his position, nor is it in any way inconsistent with his claim that he was improperly removed. Simply, Mr. Lacy was terminated by Mr. Screen as of January 3, 1981, and on that day he picked up his belongings, took his benefits and went home. Nothing more or less should be expected of a terminated employee. My examination of the record reveals absolutely no action or statement by Mr. Lacy or any other evidence which indicates Mr. Lacy’s intention to resign. I believe that the trial court was clearly wrong in finding that Mr. Lacy resigned.
For these reasons, I respectfully dissent.